RECEIVED-CLERK
U.S. DISTRICT COURT

2008 APR 2 A 8: 30

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 06-936 (KSH) |
| | : | |
| VS. | : | ORDER FOR INTERIM PAYMENT FOR REPRESENTATION OF COUNSEL PURSUANT TO THE CRIMINAL JUSTICE ACT 18:3006(A) |
| Mohamed Hussein | : | |

Because of the complexity of the case, the expected length of pretrial preparation, the length of the trial, and the anticipated hardship of counsel in undertaking representation full-time for such a period without compensation, in accordance with paragraph 2.30A of the Guidelines for the Administration of the Criminal Justice Act, the following procedures for interim payments shall apply during the course of your representation in this case:

## 1. SUBMISSION OF VOUCHERS

Counsel shall submit to the Court Clerk, once each month, an interim CJA Form 20 "Appointment of and Authority to Pay Court Appointed Counsel". Compensation earned and reimbursable expenses incurred from the first to the last day of each month shall be claimed on an interim voucher submitted no later than the fifth day of the following month, or in the first business day thereafter. The first interim voucher submitted shall reflect all compensation claimed and reimbursable expenses incurred from the date of appointment to

and shall be submitted no later than February 29, 2008 ; thereafter, the vouchers shall be submitted once each month according to the schedule outlined above.

-1-

Each voucher shall be numbered in series in Box 22 and include the time period it covers in Box 19. All interim vouchers shall be supported by detailed and itemized time and expense statements. Chapter II, Part C of the Guidelines for the Administration of the Criminal Justice Act outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher.

The Court will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for four-fifths (80%) of the approved number of hours. The Court will also authorize payment for all reimbursable expenses reasonably incurred.

At the conclusion of representation, counsel should submit a final voucher seeking payment of the one-fifth (20%) balance withheld from the earlier interim vouchers. The final voucher shall be labeled as such in Box 22 and shall set forth in detail the time and expenses claimed for the **entire case**, including all appropriate documentation. After reviewing the final voucher, the Court will submit it to the Chief Judge of the Circuit for review and approval.

## 2. REIMBURSABLE EXPENSES

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $500 without **PRIOR** approval of the Court. Such approval may be sought by submitting the CJA 21 to the Clerk with supporting documentation attached if deemed necessary, stating the nature of the expense, the estimated dollar cost and the reason the expense is

necessary to the representation. An application seeking such approval may be filed in camera, if necessary. Upon finding that the expense is reasonable, the Court will authorize counsel to incur it. Recurring expenses, such as telephone calls, photocopying and photographs, which aggregate more than $500 on one or more interim vouchers are not considered single expenses requiring Court approval.

With respect to travel outside of the city-county-state for the purpose of consulting with the client or his or her former counsel, interviewing witnesses, etc., the $500 rule should be applied in the following manner. Travel expenses, such as, mileage, parking fees, meals and lodging, can be claimed as itemized expenses. Therefore, if the reimbursement for expenses relating to a single trip will aggregate an amount in excess of $500, the travel should receive **PRIOR** authorization of the Court. The following additional guidelines may be helpful:

(a) Case related travel by privately owned automobile should be claimed per mile at the applicable rate (check with the Clerk's office for current rates), plus parking fees, ferry fees, and bridge, road and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. If travel is authorized, arrangements can be made at Government rates through the National Travel Center. Please contact the C.J.A. administrator in the Clerk's office for additional guidance. Air travel in "first class" is prohibited.

(b) Actual expenses incurred for meals and lodging while traveling during the course of representation must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high-cost areas, counsel should consult the Clerk.

(c) Telephone toll calls, telegrams, photocopying and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for services of subpoenas on fact witnesses are not reimbursable, but rather are governed by Rule 17 F.R.Crim.P. and 28 U.S.C.§1825.

### 3. FURTHER QUESTIONS OR GUIDANCE

Answers to questions concerning services under the Criminal Justice Act, can generally be found in (1) 18 U.S.C. 3006(A); (2) the Plan of the United States District Court for the District of New Jersey; (3) Appendix I to the Criminal Justice Act Plan; and (4) Guidelines for the Administration of the Criminal Justice Act, published by the Administrative Office of the U.S. Courts. Should these references fail to provide the desired clarification or direction, counsel is directed to contact the Clerk's office, specifically, William Holland at (609) 989-2328 in Trenton, John Reilly at (973) 645-6654 in Newark, and Dolores Seksnel at (856) 757-5075 in Camden.

DATE: 2/15/08

Katharine S. Hayden, U.S.D.J.

**APPROVED**

DATE: 3/21/08

KENT A. JORDAN, JUDGE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

-4-